Travis K. Jang-Busby (Bar No. 283256)
E-mail:     travis.jang-busby@procopio.com
Mizuo Kimiya (Bar No. 343966)
E-mail:     mizuo.kimiya@procopio.com
PROCOPIO, CORY, HARGREAVES &
    SAVITCH LLP
12544 High Bluff Drive, Suite 400
San Diego, CA 92130
Telephone: 858.720.6300
Facsimile: 619.235.0398

Attorneys for Defendants NISHIKI DINER USA, INC. and TAKASHI ENDO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYATO IKEMA, an individual,<br><br>  Plaintiff,<br><br>v.<br><br>NISHIKI DINER USA, INC., a California corporation; TAKASHI ENDO, an individual; and DOES 1 through 25,<br><br>  Defendants. | Case No.  **'22CV1548 CAB MDD**<br><br>**NOTICE OF REMOVAL BY DEFENDANTS NISHIKI DINER USA, INC. AND TAKASHI ENDO**<br><br>State Complaint: September 6, 2022 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA**:  Please take notice that Defendants NISHIKI DINER USA, INC. and TAKASHI ENDO ("Removing Defendants"), by and through their undersigned attorneys, hereby remove the above-captioned civil action, and all claims and causes of action therein, from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446.  As required by 28 U.S.C. § 1446(a), all process, pleadings, and orders served upon Removing Defendants in the state court action to date are attached hereto as **Exhibit A**.  As the requisite "short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), Removing Defendants states as follows:

/ / /

## I. INTRODUCTION

As set forth below, Removing Defendants properly removed this action to this Court pursuant to 28 U.S.C. § 1331 because this is a civil action raising issues that directly implicate questions of federal law under the Fair Labor Standards Act arising under 1938 29 U.S.C. section 201 et seq. ("FLSA") because Plaintiff alleges causes of action partly based on the violation of FLSA. Further, this Court has supplemental jurisdiction over Plaintiff's other claims because they form part of the same case or controversy. Accordingly, this Court has original jurisdiction over Plaintiff's claims.

## II. PROCEDURAL HISTORY

On September 6, 2022, Plaintiff filed a lawsuit in the Superior Court of California, County of San Diego entitled *Ayato Ikema v. Nishiki Diner USA, Inc., et al.*, San Diego County Court Case No. 37-2022-00035648-CU-OE-CTL ("Complaint"). Plaintiff alleges 7 causes of action for damages, restitution, and penalties based on the following alleged violations of the California Labor Code, FLSA, and California Business and Professions Code:  (1) unpaid wages; (2) failure to provide meal periods; (3) failure to provide rest breaks; (4) violation of FLSA; (5) failure to provide itemized wage statements; (6) violation of California Labor Code Section 558; and (7) unfair business practices in violation of California Business and Professions Code. (Compl., ¶¶ 12-43.)

Plaintiff served Defendant TAKASHI ENDO via personal service on September 13, 2022, and Defendant NISHIKI DINER USA, INC. via substituted service on September 12, 2022, each with the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, Alternative Dispute Resolution (ADR) Information, and Stipulation to Alternative Dispute Resolution Package. **Exhibit A**.

On October 10, 2022, Removing Defendants filed their Answer to Plaintiff's Complaint in the San Diego Superior Court. **Exhibit B**.

/ / /

/ / /

1     Based on information and belief, there are no other pleadings filed in this matter.

2 **III.   FEDERAL QUESTION JURISDICTION**

3     This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. section 1331, and removal is proper under 28 U.S.C. sections 1441 and 1446, in that this is a civil action that raises issues that directly implicate questions of federal law under the FLSA according to the following facts.

    As relevant to this Court's jurisdiction conferred pursuant to 28 U.S.C. section 1331, Plaintiff specifically alleges:

- "The employment relationship between Plaintiff and Defendants described herein was at all times governed by and subject to the protections of the FLSA. At all times relevant, both Defendants NISHIKI DINER, INC. and TAKASHI ENDO operated as Plaintiff's employer within the meaning of the FSLA, which defined employer to include any person who acts in the employer's interest. 29 U.S.C. §203(d)." Compl., ¶28.

- "The conduct described herein, including failure to pay wages owed, was in violation of the protection mandated under the federal Fair Labor Stadards Act, 29 U.S.C. §201, *et seq*. Plaintiff is accordingly entitled to remedies provided thereunder, including but not limited to unpaid back wages plus liquidated damages in an amount equal to the unpaid compensation, of not less than $200,000, under 29 U.S.C. §216(b)." Compl., ¶29.

    Accordingly, this Court has original jurisdiction over Plaintiff's Complaint.

**IV.   SUPPLEMENTAL JURISDICTION**

    This Court has supplemental jurisdiction over Plaintiff's other claims because they form part of the same case or controversy which is the subject of Plaintiff's unpaid wages, failure to provide meal periods or rest breaks, and failure to provide itemized wage statements. 28 U.S.C. §§ 1367(a), 1441(a); *see City of Chicago v. Int's Conference of Surgeons*, 522 U.S. 156, 156-59 (1997) (affirming the exercise of supplemental jurisdiction over a plaintiff's state law claims where they have a "common nucleus of operative fact" with the federal claims).

    This Court has jurisdiction over all claims in the Complaint.

/ / /

/ / /

## V. THIS REMOVAL NOTICE IS TIMELY AND SATISFIES ALL PREREQUISITES

Under 28 U.S.C. section 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise …." The 30-day period for removal is triggered once service occurs. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

Plaintiff filed the above-captioned action on September 6, 2022 in the Superior Court of the State of California, County of San Diego, as case number 37-2022-00035648-CU-OE-CTL. This Notice of Removal is timely because it has been filed within thirty days of Plaintiff's service of the Complaint on September 13, 2022 via personal delivery. *See* 28 U.S.C. § 1446; Fed. Rule Civ. Proc. 6(a)(1).

No previous application has been made by Removing Defendants for this or similar relief.

Written notice of the filing of this Notice of Removal will be given to the adverse parties and state court as required by 28 U.S.C. section 1446(d).

DATED: October 10, 2022

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: /s/Travis K. Jang-Busby
Travis K. Jang-Busby
Mizuo Kimiya
Attorneys for NISHIKI DINER USA, INC. and TAKASHI ENDO