UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYATO IKEMA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>NISHIKI DINER USA, INC., et al,<br><br>　　　　　　　　　　Defendants. | Case No.:  22-cv-1548-CAB-MDD<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT** |

Before the Court is Plaintiff's motion for leave to amend the complaint. [Doc. No. 7]. For the reasons set forth, the motion is **DENIED.**

Plaintiff filed this case against his former employers on September 6, 2022, alleging violations of California labor laws and the federal Fair Labor Standards Act.  This action was removed from state court on October 10, 2022. [Doc. No. 1]. The Parties filed a Rule 26(f) Status Report on December 2, 2022, indicating that there were no anticipated amendments to the pleadings. [Doc. No. 4]. Magistrate Judge Mitchell D. Dembin issued a scheduling order on December 14, 2022, requiring the Parties to submit any motion to amend the pleadings by January 30, 2023. [Doc. No. 6]. Plaintiff filed this motion for leave to amend the complaint on March 6, 2023. [Doc. No. 7]. Defendants filed their opposition to Plaintiff's motion on March 27, 2023. [Doc. No. 8].

When assessing an untimely motion to amend, the Court must apply the "good cause" standard set forth in Federal Rule of Civil Procedure 16(b)(4). A "schedule may be modified only if for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(4). "The focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification . . . [i]f that party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015).

Plaintiff moves to add a new cause of action of constructive discharge due to the recent discovery by Plaintiff's counsel of the alleged factual circumstances surrounding Plaintiff's resignation. [Doc. No. 7 at 3]. Defendant argues, and the Court agrees, that Plaintiff was aware of the reasons for his own resignation from at least August 2022 when he resigned. [Doc. No. 8 at 1]. Plaintiff had multiple opportunities prior to the commencement of discovery to disclose the facts necessary to add a constructive discharge claim. The Court finds Plaintiff has not exercised diligence in bringing this new claim and there is no good cause to grant leave to amend.

In light of the foregoing, Plaintiff's motion for leave to amend is **DENIED.**[1] This order is without prejudice to Plaintiff filing the additional claim in state court.

It is **SO ORDERED**.

Dated: April 10, 2023

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] Defendants' objections to Attorney Robert Cohen's declaration [Doc. No. 8-2] are **DENIED as moot.**